IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALEXIS BILBRO                                                          PLAINTIFF

VS.                              CIVIL ACTION NO. _3:21-cv-762-DPJ-FKB____

WALMART, INC., HOSTESS BRANDS
SERVICES, LLC, and Fictitious Defendants
"A," "B," AND "C"                                                    DEFENDANTS

<u>**NOTICE OF REMOVAL**</u>

**COME NOW** Walmart, Inc.,[1] ("Walmart") by and through counsel and without waiving any objections to venue or other defenses, including any defenses under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and file this Notice of Removal of this action from the County Court of Rankin County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and in support hereof, would show unto the Court the following:

**I.     COMPLAINT**

1.     On October 22, 2021, Alexis Bilbro ("Plaintiff") filed her Complaint in this matter, hereto attached as Exhibit A, against Walmart in the County Court of Rankin County, Mississippi, this being civil action number 21-1603.  Walmart and Hostess were served with copies of the Summons and Complaint on October 27, 2021[2].  Exhibit B, Service of Process Transmittal.

---

[1] Walmart, Inc., is an improper party. The proper party is Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Arkansas.

[2] Defendant Hostess Brands Services, LLC, consents to this Removal and will file a Consent to and Joinder in Removal.

2.      In her Complaint, Plaintiff alleges that on March 16, 2021, while walking on the premises of the Walmart store #365 in Rankin County, Mississippi, "she was struck by a ladder being maneuvered by a Hostess employee and was injured." Exhibit A, at 2 (¶ 8). Plaintiff's Complaint also lists "Wantoness" as Count II in her Complaint and alleges a wanton disregard of the rights and safety of the Plaintiff and other business invitees. Exhibit A, at 3-4 (¶¶13-18). Plaintiff's Complaint, in the unnumbered beginning with WHEREFORE also demands "compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine." Exhibit A, at 7.

3.      The action filed by the Plaintiff against Defendant(s) is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Although the Plaintiff does not specify a total demand in her Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendant(s) under Mississippi law that the amount in controversy exceeds the amount required for diversity jurisdiction. Specifically, the Plaintiff's Complaint seeks an unspecified amount of compensatory and punitive damages. These claims alone are sufficient to satisfy the amount in controversy requirement for diversity jurisdiction."Federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731, 735 (S.D.Miss.2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D.Miss. Oct. 25, 2001) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir.1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993); *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 701

(S.D.Miss.1988)); See *Colony Ins. Co. v. Ropers*, 2011 WL 1226095, at *3 (S.D. Miss. 2011)(J. Starrett)(holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. 2008)(J. Lee)(unspecified claim for punitive damages sufficient to establish diversity jurisdiction); Also see *Brookins v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 1233474, at *5 (S.D. Miss. Mar. 31, 2021).

## II.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.   This Case is Removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)

4.   28 U.S.C. § 1441(a) provides, in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

The United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this suit is currently pending.

5.   28 U.S.C. § 1332(a), as amended, provides in pertinent part:

The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

As discussed, because Plaintiff is seeking an unspecified amount in compensatory damages and punitive damages, the amount in controversy has been established, and this Court has original diversity jurisdiction of this matter.

### B.   This Removal is Timely under 28 U.S.C. § 1446(b)

6.     Under 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

7.     As stated, Walmart was served with a copy of the Summons and Complaint on October 27, 2021.  Exhibit B.  Walmart is removing this case within thirty days of October 27, 2021.  Therefore, this removal is timely.

### C.     The Rule of Unanimity Is Satisfied

8.     Defendant Hostess Brands Services, LLC, is and was a Delaware limited liability company with its principal place of business in Lenexa, Kansas. Defendant Hostess Brands Services, LLC, consents to this Removal and will file a Consent and Joinder in Removal. As such, the rule of unanimity is satisfied.

### D.     Required Documents Have Been Attached, and Notice Has Been Given to the Clerk

9.     Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, filed and/or served on on Walmart are attached hereto as Exhibit C.  Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen (14) days of the date of removal.

10.     Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the County Court of Rankin County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

### III.     DIVERSITY JURISDICTION

11.     As stated, this Court has original diversity jurisdiction over this case pursuant toto § 1332(a) because complete diversity of citizenship exists, and Plaintiff's Complaint

establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Diversity of Citizenship Exists

12.      According to the Complaint, Plaintiff is "an adult resident citizen of Rankin County, Mississippi."  Exhibit A, at 1(¶1).

13.      Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas.  WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas.  Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC.   Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas.  Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC.  Wal-Mart Stores, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas.  Consequently, complete diversity exists.

14.      Defendant Hostess Brands Services, LLC, is and was a Delaware limited liability company with its principal place of business in Lenexa, Kansas. Defendant Hostess Brands Services, LLC, consents to this Removal and will file a Consent to and Joinder in Removal.

15.      Further, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  Therefore, "John Doe

defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R.*, No. 02;06CV212-P-A, 2007 WL 986876, at *1 (N.D. Miss. Mar. 29, 2007). Consequently, complete diversity of citizenship exists.

### B.    Amount in Controversy Has Been Met

16.    As discussed above, since Plaintiff seeks unspecified compensatory and punitive damages  in her Complaint, it is apparent from the face of the Complaint that the amount in controversy has been met, and this case is removable pursuant to 28 U.S.C. §1446.

17.    Walmart reserves its right to amend or supplement this Notice of Removal.

18.    Walmart reserves all affirmative defenses including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the County Court of Rankin County be hereby stayed.

Respectfully submitted, this, the 24th day of November, 2021.

**WAL-MART STORES EAST, LP**

By: _Rajita Iyer Moss_____
THOMAS M. LOUIS  (MSB #8484)
RAJITA IYER MOSS (MSB #10518)
J. CAROLINE JOHNSON (MSB #105674)

OF COUNSEL:

**WELLS, MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com
cjohnson@wellsmarble.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Rajita Iyer Moss, hereby certify that a copy of this Notice of Removal was filed using the Court's ECF system, which should have automatically emailed a copy to:

Miranda L. Maxwell
Slocumb Law Firm, LLC
2404 19th Street, Suite 101
Gulfport, MS 39501

ATTORNEY FOR PLAINTIFF

Dated, this, the 24th day of November, 2021.

_____
Rajita Iyer Moss