IN THE COUNTY COURT FOR RANKIN COUNTY, MISSISSIPPI

| | |
|---|---|
| **ALEXIS BILBRO,** | *<br>*<br>* |
| Plaintiff,<br>v. | *  Case No.: 21-1603<br>*<br>* |
| **WALMART, INC.,** Hostess Brands Services, LLC, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| Defendant. | * |



FILED
OCT 22 2021
REBECCA N. BOYD, CIRCUIT CLERK
BY

## COMPLAINT

This is an action by Plaintiff, Alexis Bilbro, (herein after referred to as "Plaintiff") against Defendants, Wal-mart, Inc., ("Wal-mart"), and Hostess Brands Services, LLC., ("Hostess") for personal injuries and damages sustained by the Plaintiff as the result of a defective condition on or about March 16, 2021.

### PARTIES, JURISDICTION, VENUE

1. The Plaintiff, Alexis Bilbro, was a resident and citizen of Rankin County, Mississippi at all times material to the issues in this case.

2. Defendant, Wal-mart, is a corporation that is registered to do business in the state of Mississippi at all times material to the issues in this case. Defendant may be served through its

1

**EXHIBIT A**

registered agent, C T Corporation System 645 Lakeland East Drive, Suite 101 Flowood, MS 39232.

3. Defendant, Hostess, is a corporation that is registered to do business in the state of Mississippi at all times material to the issues in this case. Defendant may be served through its registered agent, Corporation Service Company 7716 Old Canton Rd, Suite C Madison, MS 39110.

4. Fictitious Defendants "A", "B" and "C" are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

5. The incident giving rise to this complaint occurred in Rankin County, Mississippi.

6. Venue in Rankin County, Mississippi is proper.

## APPLICABLE FACTS

7. On or about March 16, 2021, Plaintiff, Alexis Bilbro, was in the Defendant's location at Wal-mart, Inc. Supercenter #365, Rankin County, Mississippi.

8. At said time and place, while Plaintiff was an invitee was upon the premises of the Defendant in Rankin County, Mississippi, when Plaintiff was struck by a ladder being maneuvered by a Hostess employee and was injured.

## COUNT ONE - NEGLIGENCE
(Defendant Wal-Mart)

9. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

10. At said time and place, Plaintiff was injured when Defendant, Walmart, maintained a dangerous condition with actual or constructive knowledge that Hostess was dangerously

maintained their equipment and Defendant, Wal-Mart, allowed said condition to be present without warning to the Plaintiff of the presence danger.

11. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a) Negligently failed to exercise ordinary care.

    (b) Negligently failed to cure a known danger.

    (c) Negligently failed to warn Plaintiff of said known danger.

    (d) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

12. The Plaintiff avers that the acts and conduct of the Defendant, Wal-Mart, constitutes common law negligence.

13. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

### COUNT TWO – WANTONESS
(Defendant Wal-Mart)

14. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

15. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

  (a) cause injury to Plaintiff due to the dangerous condition, and

  (b) cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

  (c) cause the Plaintiff to suffer and sustain the injuries and damages.

16. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

  (a) Wantonly failed to exercise ordinary care.

  (b) Wantonly failed to cure a known defect.

  (c) Wantonly failed to warn Plaintiff of said known defect.

  (d) Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

17. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

18. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

  WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

COUNT TWO - NEGLIGENCE
(Defendant Hostess)

19. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

20. At said time and place, Plaintiff was injured when Defendant, Hostess, maintained a dangerous condition with actual or constructive knowledge that their equipment was dangerously

4

maintained and Defendant, Hostess, allowed said condition to be present without warning to the Plaintiff of the presence danger.

21. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a)    Negligently failed to exercise ordinary care.

    (b)    Negligently failed to cure a known danger.

    (c)    Negligently failed to warn Plaintiff of said known danger.

    (d)    Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

22. The Plaintiff avers that the acts and conduct of the Defendant, Hostess, constitutes common law negligence.

23. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

COUNT FOUR – WANTONESS
(Defendant Hostess)

24. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

25. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

  (a) cause injury to Plaintiff due to the dangerous condition, and

  (b) cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

  (c) cause the Plaintiff to suffer and sustain the injuries and damages.

26. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

  (a) Wantonly failed to exercise ordinary care.

  (b) Wantonly failed to cure a known defect.

  (c) Wantonly failed to warn Plaintiff of said known defect.

  (d) Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

27. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

28. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

  WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT FIVE – FICTITIOUS DEFENDANTS

29. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

30. Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct

contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This October 20, 2021.

Respectfully submitted,

/s/ *Miranda L. Maxwell*
Miranda L. Maxwell  (MSB 106057)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
2404 19th Street, Suite 101
Gulfport, MS 39501
Tel. No. (769) 717-4055
Fax No. (769)303-1581